IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

vs.

CAROLYN CHRISTINE ORRELL,

      Defendant.

Case No. 6:15-cr-00079-AA
**ORDER AND OPINION**

AIKEN, District Judge:

Now before the Court is defendant Carolyn Orrell's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 102. The Court previously heard oral argument on this matter on October 27, 2020. ECF No. 112. On January 8, 2021, the Court entered a minute order GRANTING defendant's motion. ECF. No 113. Defendant's sentence was reduced to time served, and she was ordered released. ECF. 114. This opinion is entered to complete the record.

**BACKGROUND**

On March 22, 2016, defendant pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C)

PAGE 1 – ORDER AND OPINION

pursuant to a negotiated settlement with the government. ECF No. 71. On January 18, 2017, the Court sentenced defendant to 60 months in custody with a three year term of supervised release to follow. ECF No. 87. After several continuances, defendant began serving her sentence on June 25, 2018 at FCI Dublin. At the time she filed her motion, defendant was projected to be released from custody on September 10, 2021.

On July 25, 2020, defendant filed a pro se motion seeking compassionate release. The Court appointed CJA Panel attorney Lynn Sheppard to represent defendant in this matter. ECF No. 104. As noted above, the Court heard oral argument on this motion on October 27, 2021.

## LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may

inform a district court's discretion, ... but [it is] not binding." *Id.*  As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise.  *Id.*

## DISCUSSION

The Court first finds that defendant's motion is properly before the Court as she has sent multiple requests for compassionate release to the warden of the institution where she is currently housed.  At the time of the hearing on this matter, the Warden had not taken any action on those requests.

Based on the filings, oral argument, and after full consideration of the entire record and relevant factors statutory authority, the Court finds that extraordinary and compelling reasons exist in this case.  The Court bases this finding on defendant's underlying health conditions in the face of the pandemic conditions caused by the 2019 novel coronavirus as well as her unique family situation, which warrant a reduction of the sentence here to one of time served.

Further, the sentencing factors articulated under 18 U.S.C. § 3553(a) also support release.  Defendant had served all but seven months of her in custody sentence.  Also, she has made impressive efforts at rehabilitation while in custody.  Accordingly, based on that record and her own testimony, the Court finds that defendant will not pose a threat to the community under 18 U.S.C. § 3142(g).

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, defendant's motion for release pursuant to 18

U.S.C. § 3582(c)(1)(A)(i) (ECF No. 102) is GRANTED.

IT IS SO ORDERED

Dated this 4th day of June, 2021.


_____/s/Ann Aiken_____
Ann Aiken
U.S. District Court Judge